IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **BURNETT DAIRY COOPERATIVE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 22-cv-569 |
| | ) |
| **BERKLEY NATIONAL INSURANCE COMPANY d/b/a BERKLEY AGRIBUSINESS,** | ) |
| | ) |
| **Defendant.** | ) |

## NOTICE OF REMOVAL

Defendant, BERKLEY NATIONAL INSURANCE COMPANY d/b/a BERKLEY AGRIBUSINESS ("BERKLEY")[1] hereby files this Notice of Removal of Case No. 2022CV000077, from the Circuit Court of Burnett County, Wisconsin, to the United States District Court for the Western District of Wisconsin, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and as grounds for its removal states as follows:

**I.  State Court Action Being Removed**

1. The civil action being removed is captioned *Burnett Dairy Cooperative v. Berkley National Insurance Company d/b/a Berkley Agribusiness*, case number 2022CV000077, which is currently pending in the Circuit Court of Burnett County, Wisconsin (the "State Court Action").

2. On or about July 19, 2022, Plaintiff, BURNETT DAIRY COOPERATIVE ("BURNETT") initiated the State Court Action by filing a Complaint (the "Complaint"). A copy of the Complaint is attached hereto as **Exhibit B.**

---

[1] Berkley National Insurance Company, incorrectly sued as Berkley National Insurance Company d/b/a Berkley Agribusiness ("Berkley")

3. BERKLEY was served with the Complaint and Summons at its Iowa business location, 11201 Douglas Avenue, Urbandale, Iowa 50322, on September 8, 2022. A copy of the Summons and Affidavit of Service is attached hereto as **Exhibits C and D**, respectively.

4. BERKLEY was also served with the Complaint and Summons at its Illinois business location, 1250 East Diehl Road, Naperville, Illinois 60563, on September 9, 2022. A copy of the Summons and Affidavit of Service is attached hereto as **Exhibits C and E**, respectively.

5. No other prior process, pleadings, or orders were served upon or delivered to BERKLEY.

6. This Notice of Removal is filed within thirty (30) days of BERKLEY's receipt of service of the Complaint, and is therefore timely filed pursuant to 28 U.S.C. §1446(b).

**II.     Diversity Jurisdiction Under 28 U.S.C. § 1332(a)**

7. This Court has original jurisdiction of this action under 28 U.S.C. § 1332(a) as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

8. BURNETT is a Wisconsin Cooperative with its principal place of business in Grantsburg, Wisconsin.

9. BURNETT is an incorporated Cooperative and is incorporated under Chapter 185 of the Wisconsin Statutes. Wis. Stat. § 185.

10. BURNETT filed its Articles of Incorporation with the State of Wisconsin and is incorporated under Wis. Stat. § 185.01(2) (defining "Cooperative" as an "association incorporated under this Chapter") and Wis. Stat. § 185.043 (stating that "5 or more adults, one of whom must be a resident, may form a cooperative by signing, acknowledging and filing articles"). A copy of the Articles of Incorporation and Amendments is attached hereto as **Exhibit F**.

11. As such, BURNETT is treated as a Corporation for diversity purposes and therefore, is a citizen of Wisconsin which is its state of incorporation and principal place of business. *See Auto-Wares, Ltd. Liab. Co. v. Wis. River Co.-Op Servs.*, 2011 U.S. Dist. LEXIS 53437, at *2 (W.D. Wis. May 18, 2011) (holding that "under Wisconsin law, cooperatives are incorporated and therefore… would be treated like a corporation for diversity jurisdiction."); *see also Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1183 (9th Cir. 2004) (concluding that "for purposes of diversity jurisdiction, the Cooperative is to be treated as a corporation simply because it has been incorporated under [state] law, regardless of the Cooperative's individual structure, purpose, operations, or name."); *Hoagland v. Sandberg, Phx. & Von Gontard, P.C.*, 385 F.3d 737, 740 (7th Cir. 2004) (referencing "cooperative corporations" and holding that "All the cases that discuss the citizenship of nonbusiness corporations hold that they are indeed corporations for diversity purposes"); 28 U.S.C. § 1332(c)(1) (stating that a corporation is a citizen of the state in which it is incorporated and the state in which it maintains its principal place of business).[2]

12. BERKLEY is an insurance company organized under the laws of Iowa with its principal place of business in Urbandale, Iowa.

13. The State Court Action seeks damages in excess of $75,000, plus costs and legal fees. The amount in controversy for the State Court Action exceeds $75,000 exclusive of interests and costs.

14. Consequently, diversity jurisdiction lies in this Federal District Court pursuant 28 U.S.C. §1332(a), and, therefore, this action may be removed pursuant to 28 U.S.C. §1441(a).

---

[2] Alternatively, should this Honorable Court determine that BURNETT is not to be treated as a Corporation, BERKLEY seeks leave to undertake limited discovery into the identity and citizenship of the entities that comprise BURNETT as upon information and belief all such entities constitute citizen of the State of Wisconsin for purposes of diversity jurisdiction.

**III.    Statement of Case and Basis for Removal**

15.    Defendant BERKLEY is an insurance company that issued a Commercial Lines Policy, policy number XCP 9006440-13, with effective dates of March 1, 2020, through March 1, 2021, to BURNETT as Named Insured (the "Berkley Policy").

16.    The Berkley Policy insures property located at 11631 State Road 709, Grantsburg, Wisconsin 54840 (the "Property") subject to the various terms, conditions, and exclusions set forth therein.

17.    The State Court Action alleges that on July 20, 2020, the "Property, its contents, [and] equipment" were damaged due to a fire that occurred at the Property.

18.    The State Court Action alleges that BURNETT promptly submitted a claim to BERKLEY for the "Fire loss and damage at the Property, for full indemnity under the policy, including, but not limited to, coverage for the building, its contents, emergency repairs, cleaning, ordinance and law, extra expenses, and for business interruption and income loss."

19.    The State Court Action alleges that BERKLEY assigned its own cleaning crew and that the cleaning crew "improperly cleaned the facilities, caused unnecessary delay, [and] cost Plaintiff a substantial portion of its coverage dollars."

20.    The State Court Action alleges that BERKLEY improperly calculated Plaintiff's "business income loss damages," improperly reversed prior coverage decisions, improperly classified/categorized Plaintiff's damages in an attempt to reach policy limits on certain coverages, refused to pay standard overhead and profit rates, and stopped adjusting the claim.

21.    The State Court Action alleges that BERKLEY has "failed and refused to fully indemnify Plaintiff under the Policy, including but not limited to[,] not fully compensating Plaintiff for all of its losses from the Fire."

22.     The State Court Action alleges that BURNETT communicated to BERKLEY that it was disputing that it was "fully indemnified for its loss from the Fire."

23.     The State Court Action alleges that BURNETT demanded appraisal pursuant to the Berkley Policy, but BERKLEY agreed to appraisal for some but not all of the claim.

24.     The State Court Action asserts causes of action for declaratory action, breach of contract, order for appraisal, and bad faith against BERKLEY.

25.     BERKLEY disputes plaintiff's claims concerning the coverage afforded under the policy, assertions that BERKLEY breached its contractual duties and acted in bad faith, and that plaintiff is entitled to a Court Order directing Appraisal and declaratory action in its favor.

## IV.    State Court Process, Pleadings, and Orders and Other Required Attachments

26.     The following documents are attached as required by 28 U.S.C. § 1446(a):

**Exhibit A** -    An index of documents that are being filed with this Notice;

**Exhibit B** -    A copy of the Complaint;

**Exhibit C** -    A copy of the Summons;

**Exhibit D** -    Affidavit of Service for the Iowa location;

**Exhibit E** -    Affidavit of Service for the Illinois location;

**Exhibit F** -    Articles of Incorporation;

**Exhibit G** -    Corporate Disclosure Form;

**Exhibit H** -    State Court Docket Sheet;

**Exhibit I -**    A list of all counsel of record, including addresses, telephone numbers, and parties represented;

**Exhibit J** -    Notice of Filing of Notice of Removal (State Court Filing); and

**Exhibit K -**    Civil Cover Sheet

27. Written notice of the filing of this Notice of Removal will be given promptly to all adverse parties, and a copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of Burnett County, Wisconsin, as required by 28 U.S.C. §1446.

WHEREFORE, the Defendant, BERKLEY, respectfully removes this case to the United States District Court for the Western District of Wisconsin.

Dated this 6th day of October, 2022.

        Respectfully submitted,

        TRAUB LIEBERMAN
        STRAUS & SHREWSBERRY LLP

        By: /s/Mark Wolfe
        Mark F. Wolfe
        State Bar No. 1000077
        303 W. Madison Street, Suite 1200
        Chicago, Illinois 60606
        Telephone: (312) 332-3900
        Facsimile: (312) 332-3908
        MWolfe@tlsslaw.com
        *One of the Attorneys for Defendant*
        *Berkley National Insurance*