# EXHIBIT B

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **BURNETT COUNTY**

BURNETT DAIRY COOPERATIVE          Case No. _____
11631 State Road 70                Case Code:  Other Contracts 30303
Grantsburg, WI 54840

       Plaintiff,

                                **COMPLAINT**

vs.

BERKLEY NATIONAL INSURANCE COMPANY
d/b/a BERKLEY AGRIBUSINESS
11201 Douglas Avenue
Urbandale, IA 50322

       Defendant.

Plaintiff Burnett Dairy Cooperative ("Plaintiff"), by its attorneys Sauro & Bergstrom, PLLC for its Complaint against Defendant Berkley National Insurance Company d/b/a Berkley Agribusiness ("Berkley" or "Defendant") states and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

    1.    Plaintiff is a Wisconsin dairy cooperative registered in the state of Wisconsin which owns real property in Burnett County located at 11631 State Road 709, Grantsburg, Wisconsin 54840 (the "Property").

    2.    Plaintiff is in the business of producing high quality cheese products, employs over 200 people and supports area farmers with services and expertise essential to consistently maintain agriculture products with staff veterinarian, animal nutritionists and agronomists.  Plaintiff assists farmers in improving crop yields, quality and their bottom line, helps to ensure that dairy farmers

have healthy herds, assists in the safe movement, marketing and storage of grain and offers quality

fuel and products.  Plaintiff provides high quality artisan cheese products nation-wide and not only

makes cheese at the Property but also operates a cooperative cheese store and Bistro at the

Property.

3.      Upon information and belief, Berkley is organized under the laws of the State of

Illinois domiciled in Urbandale, Iowa with a registered address of 11201 Douglas Avenue,

Urbandale, Iowa 50306-1594. At all times material to this action, Berkley was licensed to transact

business and underwrite insurance in the State of Wisconsin including, without limitation, in

Burnett County, Wisconsin.

4.      This Court has jurisdiction over the subject matter and the parties as a result of

Berkley's sales to and dealings with Plaintiff in Wisconsin. Defendant conducts business in

Wisconsin and has committed acts causing injury to Plaintiff in Burnett County, Wisconsin.

5.      Venue in Burnett County is proper because: the cause of action arose in Burnett

County; Defendant has done and continues to do business in Burnett County; Defendant has

engaged in conduct in BurnettCounty causing injury to Plaintiff; and the case involves contracts

regarding and damages to Plaintiff's real property, *i.e.*, the Property, which is situated in said

county.

## THE FIRE

6.      On July 20, 2020, a fire occurred at the Property damaging the Property, its

contents, equipment and requiring emergency services and emergency repairs (the "Fire"). The

Fire caused a multi-million dollar loss to the Property and a multi-million dollar loss to Plaintiff's

business.

## THE POLICY

7.     At the time of the Fire, Plaintiff had purchased a Commercial Lines Policy from Berkley (the "Policy"), which provided insurance coverage for the Property under its main form coverage and various endorsements.  All coverage provisions of the Policy, including, without limitation, all amendatory endorsements, are fully incorporated herein by reference, and Plaintiff specifically reserve the right to claim indemnity under all applicable coverage provisions or any other benefits available under the Policy.

8.     Plaintiff paid all required premiums for the Policy.

9.     Under the Policy, the Property is specifically listed as a "covered location" and qualifies as "covered Building Property".

10.     The Policy provides coverage for losses for "Specified Perils". Fire is a specified peril and is not otherwise excluded.

11.     The Policy provides indemnity for, *inter alia*, damage to the Property, its contents, and extra expenses to mitigate the losses to same.

12.     The Policy covers "**Building Property**" including buildings and structures and personal property as well as "**Business Personal Property**" as those terms are defined therein.

13.     The Policy provides a combined blanket limit of $51,612,131.00 for Building Property and Business Personal Property coverage.

14.     In addition, the Policy has specified sub-limits and coverage extensions. The Policy provides for "**Consequential Loss**" to the applicable covered property limit; "**Debris Removal and Additional Expense**" to $250,000.00; "**Emergency Removal Expense**" to $5,000; "**Fire**

3

Department Service Charges" to $25,000; "**Inventory and Appraisal expense**" to $50,000; "**Ordinance or Law (Undamaged Parts of a Building)**" to the applicable coverage property limit; "**Ordinance or Law (Increased Cost to Repair/Cost to Demolish and Clear Site)**" of $500,000; "**Inventory and Appraisal Expense**" of $50,000; and **Pollutant Cleanup and Removal** of $250,000.

15.     Pursuant to the Policy, Berkley agreed to pay replacement cost value for covered property without any deduction for depreciation because Actual Cash Value was not indicated on the schedule of coverages.

16.     The Policy contains an appraisal provision for resolution of disputes between Plaintiff and Berkley over the value of the loss and damage from the Fire (the "Appraisal Provision").

## THE CLAIM

17.     Plaintiff promptly submitted a claim to Berkley for the Fire loss and damage at the Property, for full indemnity under the Policy, including, but not limited to, coverage for the building, its contents, emergency repairs, cleaning, ordinance and law, extra expenses, and for business interruption and income loss which Berkley designated as claim number 21 PC 000000115063 (the "Claim").

18.     Following the Fire and submission of the Claim, Plaintiff fully cooperated with Berkley and has continued to do so since that time.

19.     Plaintiff has made every effort from the inception of the Claim through the present to be fully cooperative and has endeavored to respond to each and every request of Berkley honestly and diligently.

4

20.     Berkley assigned its own cleaning crew to the Claim and refused to allow Plaintiff to retain its own company that was familiar with the requirements of food grade cleaning.

21.     Berkley's assigned cleaner improperly cleaned the facilities, caused unnecessary delay, cost Plaintiff a substantial portion of its coverage dollars and Plaintiff still had to hire another cleaner to finish the cleaning required to be in compliance with Wisconsin law.

22.     Upon information and belief, Berkley improperly calculated Plaintiff's business income loss damages by not using the correct conversions in its analysis.

23.     Upon information and belief, Berkley improperly reversed prior coverage decisions.

24.     Upon information and belief, Berkley improperly classified and miscategorized Plaintiff's damages in an attempt to reach policy limits on certain coverages when, in fact, had the claimed damages been properly categorized, Plaintiff would have been entitled to additional Policy benefits.

25.     Upon information and belief, Berkley exposed Plaintiff to claims from vendors by refusing to pay standard overhead and profit rates after first orally agreeing to do so and causing Plaintiff to incur those charges.

26.     Upon information and belief, Berkley improperly stopped adjusting the claim believing certain sub limits of coverage had been exhausted due to its improper classification of those claimed damages.

27.     Berkley has paid certain amounts to Plaintiff for the Fire loss and damage, but there remains a dispute between the parties as to the indemnity owed and as to certain coverage issues.

28.     Berkley has failed and refused to fully indemnify Plaintiff under the Policy, including but not limited to not fully compensating Plaintiff for all of its losses from the Fire.

29.     Plaintiff communicated to Berkley that it was disputing that it had been fully indemnified for its loss from the Fire, including damage to the Property or as otherwise may be owed under the Policy and its business income and extra expense damages.

30.     Plaintiff demanded Appraisal pursuant to the Policy.

31.     Berkley has agreed to Appraisal of some but not all of Plaintiff's claim.

32.     There is a dispute as to the amount necessary to restore the Property resulting from damages occasioned by the Fire, the application of Plaintiff's damages to the appropriate policy provisions and coverages, and the various coverages to which Plaintiff is entitled. Inasmuch, Berkley has either expressly and/or constructively denied said benefits owed and failed to provide a reasonable basis for said denial.  Berkley is expressly placed on notice that its denial lacks a reasonable basis.

33.     The Policy provides a two year time frame for Plaintiff to commence suit thereunder.

34.     Plaintiff is entitled to full indemnity under the Policy including, without limitation, for its costs to replace the damaged portions of the Property to their pre-loss condition, additional contents, additional extra expenses, ordinance and law coverage, business income loss, and extra expense and other amounts owed under the Policy.

## FIRST CLAIM FOR RELIEF
### (Declaratory Action Wis. Stat. §806.04)

35.     Plaintiff restates and realleges the foregoing paragraphs as though fully stated herein.

36.     Plaintiff and Berkley's legal relationship is based upon one written instrument in the form of the Policy and the contractual rights and obligations set forth therein together with the facts of the Fire loss.

37.     An actual and justiciable controversy exists between Plaintiff and Berkley regarding the rights and obligations of these parties under Berkley Policy with respect to the Fire Claim.

38.     A resolution of this controversy is dependent upon an analysis of the Policy and the facts of this matter, giving rise to the Fire Claim under said Policy.

39.     Pursuant to W.S.A. 806.04, this Court is vested with the power to declare the rights and liabilities of the parties hereto, specifically Plaintiff and Berkley.

40.     Plaintiff is entitled to an Order of this Court declaring that:

(a)     The damages suffered by Plaintiff are covered under the Berkley Policy;

(b)     The dispute that exists between Plaintiff and Berkley regarding the value and amount of Plaintiff's damages caused by the Fire are to be resolved according to the Appraisal Provision in the Policy;

(c)     Plaintiff is entitled to interest and its costs and disbursements, fees, and any other relief allowed by law or this Court.

7

## SECOND CLAIM FOR RELIEF
### (Breach of Contract)

41.     Plaintiff restates and realleges the foregoing paragraphs as though fully stated herein.

42.     Plaintiff and Berkley entered into a contract (the Policy) whereby Berkley agreed to provide specified coverage, indemnity, and benefits to Plaintiff as set forth in the Policy provisions and as required by Wisconsin law.

43.     Berkley has failed to fully investigate, evaluate or otherwise fully indemnify Plaintiff for its loss and damage from the Fire.

44.     Berkley has failed to act as a reasonable insurer would in acknowledging that a dispute, in fact, exists between Berkley and Plaintiff as its insured.

45.     The Berkley Policy is a valid, enforceable contract under Wisconsin law.

46.     Plaintiff has fulfilled all of its contractual obligations necessary to demand performance and payment from Berkley.

47.     Berkley has breached its contractual obligations under its Policy by failing to fully indemnify Plaintiff.

48.     Berkley's failure to fully indemnify Plaintiff constitutes a breach of the Policy and its contractual obligations to Plaintiff.

49.     As a direct and proximate result of Berkley's breach of contract, Plaintiff has and continues to suffer damages in an amount in an amount to be proven at trial, plus interest, costs and legal fees as allowed by this Court.

8

## THIRD CLAIM FOR RELIEF
### (Order for Appraisal)

50.    Plaintiff restates and realleges the foregoing paragraphs as though fully stated herein.

51.    A dispute exists between the insured, Plaintiff, and Berkley as the insurer as to the value of and the amount owed for the Fire Claim.

52.    The Appraisal Provision of the Policy applies to resolve the dispute over the value of Plaintiff's loss and damages related to the Fire and must be invoked to resolve said dispute.

53.    In addition to the terms of the Policy, Wisconsin case law interpreting the same requires Plaintiff and Berkley to resolve disagreements over the extent and value of the loss and damage caused by the Fire through the Appraisal process.

54.    Plaintiff is entitled to an Order from this Court directing Berkley to proceed according to the Appraisal Provision and W.S.A. 631.85 for the resolution of all valuation disputes between the parties regarding the Fire Claim.

## FOURTH CLAIM FOR RELIEF
### (Bad Faith)

55.    Plaintiff restates and re-alleges the preceding paragraphs as if fully set forth herein.

56.    Berkley has violated Wisc. Statute 628.46 by failing and refusing to timely pay the full amount owed for the Claim and has further committed unfair insurance practices by, among other things, failing and refusing to fully indemnify Plaintiff for its losses, by improperly classifying and categorizing damages and applying them incorrectly to coverages with lower coverage limits, by its refusal to further adjust the claim, by disregarding evidence, by not paying for required code upgrades, by not properly calculating Plaintiff's business income loss damages, by placing the burden on Plaintiff to perform the proper adjustments, by forcing Plaintiff to engage

a public adjuster and file a lawsuit to protect its rights and properly classify its losses, by refusing to pay expenses incurred after promising to do so and after the work had been completed.

57.    There is no reasonable basis for Berkley's failure to timely indemnify Plaintiff for all of its losses and to prevent further loss.

58.    Berkley acted with knowledge or a reckless disregard for the lack of a reasonable basis for denying the claim.

59.    Plaintiff has been damaged in an amount to be proven at trial including all of is consequential losses, additional expense, attorney fees incurred due to Berkley's bad faith conduct.

## **PRAYERS FOR RELIEF**

WHEREFORE, Plaintiff Burnett Dairy Cooperative requests judgment of this Court, awarding Plaintiff the following relief:

1.    Declaring that the liability, losses, costs, expenses and damages incurred by Plaintiff as a result of the loss and damages from the Fire at the Property are covered under the Policy issued by Berkley;

2.    An Order directing and requiring that Berkley comply with the requirements of the Appraisal Provision in the Policy to resolve all disputes with Plaintiff over the value of the loss and damage caused by the Fire;

3.    Awarding in favor of Plaintiff and against Berkley, damages in an amount to be proven at trial for all amounts owed under the Policy and applicable Wisconsin law including, but not limited to damages for bad faith, pre- and post-verdict interest, costs and legal fees;

4.    Awarding Plaintiff any other such relief as the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY ON ALL ISSUES SO TRIABLE**

**SAURO & BERGSTROM, PLLC**

Dated: July 19, 2022.                    .

<u>Electronically Signed by Brenda M. Sauro</u>
Brenda M. Sauro (WI Attorney #1097388)
Beacon Shores Office Park
988 Inwood Avenue North
Oakdale, MN 55128
Telephone: 651-389-9915
Facsimile: 651-501-5150
<u>Brenda@saurolaw.com</u>

***ATTORNEY FOR PLAINTIFF***

11

| | | | FILED |
|---|---|---|---|
| **STATE OF WISCONSIN** | **CIRCUIT COURT** | **BURNETT** | 07-19-2022 |

Burnett Dairy Cooperative vs. Berkley National Insurance
Company dba Berkley Agribusiness

**Electronic Filing
Notice**

FILED
07-19-2022
Burnett County
Clerk of Court
2022CV000077

Case No. 2022CV000077
Class Code: Other-Contract

BERKLEY NATIONAL INSURANCE COMPANY DBA BERKLEY AGR...
11201 DOUGLAS AVENUE
URBANDALE IA 50322

Case number 2022CV000077 was electronically filed with/converted by the Burnett County
Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange
of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through
the court electronic filing website. A document filed electronically has the same legal effect as
a document filed by traditional means. Electronic parties are responsible for serving
non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at
**http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a
$20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for
Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are
indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you
will need to enter the following code on the eFiling website while opting in as an electronic
party.

**Pro Se opt-in code: 6ba8f0**

Unless you register as an electronic party, you will be served with traditional paper documents
by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are
authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm,
agency, corporation, or other group. Non-attorney individuals representing the interests of a
business, such as garnishees, must file by traditional means or through an attorney or filing
agent. More information about who may participate in electronic filing is found on the court
website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at
715-349-2147.

Burnett County Circuit Court
Date: July 19, 2022